**SO ORDERED.**

**SIGNED this 24th day of July, 2017.**



BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Case No. 17-10775** |
| **MOREHEAD MEMORIAL HOSPITAL,** | ) | |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | |

### ORDER DETERMINING THAT APPOINTMNT OF A PATIENT CARE OMBUDSMAN PURSUANT TO 11 U.S.C. § 333 IS NOT REQUIRED

Upon this Court's *Order for Debtor to Show Cause, if any, Why the Court Should Not Appoint Ombudsman* [Dkt. No. 22] (the "Show Cause Order") pursuant to Section 333(a) of the Bankruptcy Code and Bankruptcy Rule 2007.2, and the *Debtor's Response to Order to Show Cause, if any, Why the Court Should Not Appoint Patient Care Ombudsman* [Dkt. No. 33] (the "Response") filed by Morehead Memorial Hospital, Chapter 11 debtor and debtor-in-possession (the "Debtor")[1] in the above-captioned Chapter 11 case; and upon the Weston Affidavit in support of the Chapter 11 petition and First Day Motions; the Court having reviewed the Response and having heard the statements of counsel in support of the relief requested therein at

---

[1] All capitalized terms used herein but not defined shall have the meaning ascribed to them in the Show Cause Response.

1

the hearing before the Court on July 14, 2017 (the "Hearing"); the Court having found and concluded that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (iii) venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, and (iv) the legal and factual bases set forth in the Response and at the Hearing establish just cause for the relief granted herein and the Court having determined that granting the relief requested in the Response is in the best interests of the Debtor, its estate and its creditors; and after due deliberation and sufficient cause;

**IT APPEARING, THEREFORE, THAT:**

1.      This Court has discretion under Section 333 of the Bankruptcy Code and Bankruptcy Rule 2007.2 to decline the appointment of a patient care ombudsman when appointment would be unnecessary;

2.      The factors that precipitated the Debtor's Chapter 11 filing were financial in nature and unrelated to patient care quality or safety;

3.      The Debtor is already subject to substantial monitoring by a variety of federal and regulatory agencies with whom the Debtor is in full compliance;

4.      The Debtor has strict internal quality controls and resources to ensure patient care and safety including a Quality Department, overseen by the Debtor's Director of Quality and Risk Management, that was established as a prerequisite for the Debtor receiving ISO 9001:2008 certification;

5.      The Debtor has achieved ISO 9001:2008 certification by DNV GL Healthcare, a worldwide certification and assessment company, joining only approximately 150 hospitals in the United States that have achieved ISO status.

6.      There is no likelihood of tension between the interests or rights of patients and the interests of the Debtor, as the existing Quality Department already has a substantial framework for protecting patients' rights and investigating patient grievances;

7.      Patients depend on the Debtor for their health, safety, and welfare;

8.      The Debtor is meeting and/or exceeding national staffing ratios and there has been no need to drastically reduced the Hospital's levels of patient care; and

9.      The substantial expense associated with appointment of a patient care ombudsman would hamper the Debtor's restructuring efforts under Chapter 11 due to the added expense of ombudsman's fees and the fees of other professionals.

**IT IS THEREFORE ORDERED AS FOLLOWS**:

1.      The Bankruptcy Administrator is directed not to appoint a patient care ombudsman in this case at this time.

2.      The Court, on motion of the Bankruptcy Administrator or any party-in-interest, and upon hearing, may order the appointment of patient care ombudsman at any time during the pendency of this case if the evidence demonstrates the necessity of an ombudsman to monitor the quality of patient care and to protect the interests of patients.

3.      The Court shall retain jurisdiction over any matters arising from or related to the implementation of this Order.

[END OF DOCUMENT]