**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 17-10775** |
| **MOREHEAD MEMORIAL HOSPITAL,** ) | |
| ) | **Chapter 11** |
| Debtor. ) | |
| ) | |

**STIPULATION REGARDING SHARING OF INFORMATION BETWEEN THE DEBTOR'S FINANCIAL CONSULTANT AND OPERATIONAL AND STRATEGIC ADVISOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

WHEREAS, on July 10, 2017, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, on July 24, 2017, the Court entered an Order Granting Interim Employment of Hanlon Hammond Camp LLC ("H2C") as Operational and Strategic Advisor [Doc. No. 73]; and

WHEREAS, on July 24, 2017, the Court entered an Order Granting Interim Application to Employ Grant Thornton LLP ("Grant Thornton") as Financial Consultant [Doc. No. 72]; and

WHEREAS, on July 24, 2017, the Office of the United States Bankruptcy Administrator appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a) of the Bankruptcy Code; and

WHEREAS, the Committee has selected Sills Cummis & Gross P.C. and Nelson Mullins Riley & Scarborough LLP as its proposed co-counsel in this case; and

WHEREAS, the Committee has considered the retention of a financial advisor pursuant to section 1103(a) of the Bankruptcy Code to perform services for the Committee in this case; and

1

WHEREAS, the Committee has consulted with the Debtor regarding obtaining access to information and deliverables generated by Grant Thornton and H2C in this case in order to avoid the need for the Committee to retain its own financial advisors at this time and to minimize the administrative expenses of the estate; and

WHEREAS, the Debtor, H2C, Grant Thornton and the Committee have agreed to a sharing of the information and services provided by H2C and Grant Thornton in this case on the terms and conditions set forth herein;

**IT IS HEREBY STIPULATED, ACKNOWLEDGED, AND AGREED AS FOLLOWS**:

1.      H2C and Grant Thornton are hereby authorized to share information with and provide services to the Committee to the extent that the provision of such services and/or information does not create a conflict of interest between Grant Thornton and/or H2C, on the one hand, and the Debtor and/or its bankruptcy estate, on the other, as set forth herein.

2.      Subject to paragraph 1 above and paragraph 5 below, beginning the week ending August 11, 2017, H2C and Grant Thornton shall provide to the Committee weekly cash flow reports, forecasts, budget to actual comparisons and sale process updates that H2C and/or Grant Thornton provide to the Debtor in the same format as is provided to the Debtor.

3.      Upon the Committee's requests, H2C and/or Grant Thornton shall provide to the Committee information relating to this case requested by the Committee and shall make their respective professionals available for meetings and/or teleconferences with the Committee and/or the Committee's professionals upon reasonable notice at mutually convenient times and places.

4.      The Committee and/or its co-counsel are authorized to communicate with H2C and/or Grant Thornton as set forth herein without the presence of the Debtor's counsel and the Debtor consents to such communications.

5.      Nothing herein shall be construed to require H2C or Grant Thornton to disclose to the Committee any communications between the Debtor's counsel and/or the Debtor to which H2C or Grant Thornton are or have been participants.

6.      The Committee shall not be required pursuant to section 1102(b)(3) of the Bankruptcy Code to share any information obtained from H2C or Grant Thornton pursuant to this Stipulation without prior written consent of the Committee and the Debtor or order of the Court.

7.      If the Committee is served with discovery requests from a third party seeking information that the Committee obtained from H2C and/or Grant Thornton pursuant to this Stipulation, the Committee shall provide notice of such discovery requests to the Debtor, H2C and Grant Thornton within twenty-four (24) hours of their receipt to provide the parties an opportunity to move to quash or obtain a protective order with respect to such information, and, upon timely filing of such a motion to quash or for a protective order, the Committee shall not be required to comply with such discovery requests pending further order of the Court.

8.      This Stipulation can be terminated by either the Committee, the Debtor, H2C, or Grant Thornton upon seven (7) days' written notice (the "Termination Date"); provided however, that the sharing of information and services as set forth herein shall continue unchanged until the earlier of (i) the entry of an order approving the Committee's retention of its own financial advisor or (ii) fourteen (14) calendar days after the Termination Date.

9.      Grant Thornton and H2C, in their sole and exclusive discretion, shall determine if and when a conflict arises such that the provision of services and information to the Committee is not feasible and shall promptly advise so the Committee.

10.      If a contested matter or an adversary proceeding arises in which there is actual adversity between the Debtor and the Committee, the Committee is authorized to promptly file a motion on shortened notice seeking approval to retain its own financial advisor *nunc pro tunc* to the date such financial advisor began to perform its services to the Committee.  For the avoidance of doubt, the Committee may seek retention of its own financial advisors or other professionals at any time, notwithstanding anything herein.

11.      Nothing herein shall be deemed to create any obligation by the Committee to compensate Grant Thornton or H2C.

12.      Except as expressly set forth herein, nothing in this Stipulation shall be deemed a waiver or limitation of the parties' rights, including the Committee's right to seek employment of its own financial advisors or other professionals, or Grant Thornton's and H2C's right to determine if a conflict of interest exists, and all of such rights are expressly reserved and preserved.

| SILLS CUMMIS & GROSS P.C. | WALDREP LLP |
|---|---|
| */s/ Andrew H. Sherman* | */s/ Thomas W. Waldrep, Jr.* |
| Andrew H. Sherman | Thomas W. Waldrep, Jr. (NC State Bar No. 11135) |
| One Riverfront Plaza | Jennifer B. Lyday (NC Bar No. 39871) |
| Newark, New Jersey 07102 | Francisco T. Morales (NC Bar No. 43079) |
| Telephone: 973-643-7000 | 101 S. Stratford Road, Suite 210 |
| Facsimile:  973-643-6500 | Winston-Salem, NC 27104 |
| Email:  asherman@sillscummis.com | Telephone: 336-717-1440 |
| | Telefax: 336-717-1340 |
| - and – | Email: notice@waldrepllp.com |
| | *Attorneys for the Debtor* |

NELSON MULLINS RILEY &
SCARBOROUGH LLP

/s/ Terri L. Gardner
Terri L. Gardner
N.C. State Bar No. 9809
4140 Parklake Avenue
GlenLake One, Suite 200
Raleigh, North Carolina 27612
Telephone: 919-329-3882
Facsimile: 919-329-3799
Email: terri.gardner@nelsonmullins.com

*Co-Counsel for the Committee*

HANLON HAMMOND CAMP LLC

By: 
    Michael Lane, Managing Director

GRANT THORNTON LLP

By: /s/ Scott Davis
    Scott B. Davis, Partner

--End of Document--