**SO ORDERED.**

**SIGNED this 7th day of August, 2018.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 17-10775** |
| MOREHEAD MEMORIAL HOSPITAL, ) | |
| ) | **Chapter 11** |
| Debtor. ) | |
| ) | |

**ORDER OVERRULING THE OBJECTION OF ARAMARK HEALTHCARE TECHNOLOGIES, LLC TO DEBTOR'S AMENDED NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES SUBJECT TO POSSIBLE ASSUMPTION AND ASSIGNMENT AND PROPOSED CURE AMOUNTS AND THE AMENDED OBJECTION OF ARAMARK HEALTHCARE TECHNOLOGIES, LLC TO DEBTOR'S AMENDED NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES SUBJECT TO POSSIBLE ASSUMPTION AND ASSIGNMENT AND PROPOSED CURE AMOUNTS**

THIS MATTER CAME before this Court on July 26, 2018, upon Aramark Healthcare Technologies, LLC's ("Aramark") *Objection of Aramark Healthcare Technologies, LLC to Debtor's Amended Notice of Executory Contracts and Unexpired Leases Subject to Possible Assumption and Assignment and Proposed Cure Amounts* (the "Motion") [Dkt. No. 367] filed on

1

November 10, 2017 and its *Amended Objection of Aramark Healthcare Technologies, LLC to Debtor's Amended Notice of Executory Contracts and Unexpired Leases Subject to Possible Assumption and Assignment and Proposed Cure Amounts* (the "Amended Motion") [Dkt. No. 399] filed on November 22, 2017. The Court hereby makes the following findings of fact and conclusions of law:

1. On July 10, 2017 (the "Petition Date"), Morehead Memorial Hospital, the debtor and debtor-in-possession (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157, and this matter is a core proceeding.

3. On October 3, 2017, the Debtor filed its *Notice of Executory Contracts and Unexpired Leases Subject to Possible Assumption and Assignment and Proposed Cure Amounts* (the "Cure Notice") [Dkt. No. 245], which stated that any objection to the proposed cure amounts or the assumption and assignment of a potentially assumed executory contract must be filed with the Bankruptcy Court on or before November 2, 2017 (the "Initial Cure Objection Deadline").

4. On October 27, 2017, an *Amended Notice of Executory Contracts and Unexpired Leases Subject to Possible Assumption and Assignment and Proposed Cure Amounts* (the "Amended Cure Notice") [Dkt. No. 301] replaced for all purposes the Cure Notice filed on October 3, 2017, and the Initial Cure Objection Deadline was extended to November 10, 2017.

5. On November 10, 2017, Aramark filed its Motion, which objected to the assumption and assignment of certain contracts and cure amounts set forth in the Amended Cure Notice and requested that the Court amend the Debtor's cure amount of $327,629.05 to reflect what Aramark believes to be the actual cure amount of $463,729.10 (the "Cure Amount").

6. On November 22, 2017, Aramark filed its Amended Motion, which amended its previously stated Cure Amount. The amount owed to Aramark by the Debtor, as amended, increased by at least $5,321.66. This resulted in a total amount of $469,050.76 (the "Amended Cure Amount").

7. On November 30, 2017, the Court entered the *Order (a) Authorizing and Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (b) Approving the Asset Purchase Agreement, and (c) Granting Related Relief* (the "Sale Order") [Dkt. No. 445], which approved the sale (the "Sale") of substantially all the Debtor's assets to the University of North Carolina Health Care System.

8. The Sale closed on January 1, 2018.

9. On January 12, 2018, the Debtor filed its *Notice of Executory Contracts and Unexpired Leases Assumed and Assigned, Rejected, or Undetermined as of Closing of Sale of Assets* (the "Notice") which listed two Aramark contracts as undetermined as of the closing date of the Sale (the "Contracts").

10. On April 16, 2018, the Debtor filed its *Third Notice of Executory Contracts and Unexpired Leases Assumed and Assigned or Rejected* (the "Third Notice") [Dkt. No. 739], which stated that UNCHCS had made decisions as they related to Aramark's Contracts. The Contracts were rejected.

11. The Third Notice also provided that any proof of claim asserting damages arising from the rejection of those Contracts shall be filed with the Court no later than thirty days after the date of that notice, which was May 16, 2018. The Third Notice was then served on Aramark, as well as its counsel, with a certificate evidencing such service filed with the Court on April 19, 2018.

Based upon the foregoing findings of fact and conclusions of law, and for good and sufficient cause otherwise shown, **IT IS HEREBY ORDERED THAT** Aramark's Motion is **OVERRULED** as **MOOT**, as the Contracts were rejected**.**

[END OF DOCUMENT]