**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

IN RE:

**MOREHEAD MEMORIAL HOSPITAL,**     **CASE NO. 17-10775**
                                    **CHAPTER 11**
    **DEBTOR.**

**OBJECTION TO ADMINISTRATIVE CLAIM OF**
**ARAMARK HEALTHCARE TECHNOLOGIES, LLC**

Scott B. Davis, in his capacity as Debtor Representative and Liquidating Trustee (the "Trustee") of the estate of Morehead Memorial Hospital ("Morehead" or Debtor"),[1] by and through his undersigned counsel, hereby files this objection (the "Objection") to Proof of Claim 252 filed as an administrative claim on March 15, 2018 by Aramark Healthcare Technologies, LLC ("Aramark"). In support of this Objection, the Trustee states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 502 and 503 of the Bankruptcy Code.

**BACKGROUND**

A. **General Background**

4. On July 10, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of North Carolina.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Amended Joint Chapter 11 Plan of Orderly Liquidation [Docket No. 771].

5.  The Debtor continued to operate its business as debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108 after the Petition Date.

6.  On August 7, 2018, the Court entered the Confirmation Order confirming the First Amended Joint Chapter 11 Plan of Orderly Liquidation [Docket No. 771] (the "Plan").

7.  The Effective Date of the Plan occurred on September 4, 2018 [Docket No. 964].

8.  The Plan and Confirmation Order established a liquating trust (the "Liquidating Trust") pursuant to which, among other things, "[o]n the Effective Date, and in accordance with the Confirmation Order, the Estate's title to all the Assets (other than the D&O Claims, Tort Claims, and Life Insurance Claims, which shall revest in the Debtor and may be pursued by the Debtor Representative) shall automatically pass to the Liquidating Trust, free and clear of all Claims and equity interests in accordance with Section 1141 of the Bankruptcy Code." Plan, Article VII(B).  As defined in the Plan, the "GUC Liquidating Trust Assets" means "all Assets and other corpus of the Liquidating Trust Estate available for distribution to Holders of Allowed General Unsecured Claims (Class 5)."

9.  Pursuant to the Plan and Confirmation Order, the Court shall retain exclusive jurisdiction over the Chapter 11 Case, "including jurisdiction to issue any other Order necessary to administer the Estate or the Liquidating Trust Estate and enforce the terms of the Plan, and/or the Liquidating Trust Agreement[.]" Confirmation Order, Article XI; Plan, Article X.

**B.    Sale of the Debtor's Assets and Treatment of Executory Contracts**

10. On September 19, 2017, the Court entered a "Bid Procedures Order" that required the Debtor to serve a Cure Notice of proposed cure amounts upon all executory contracts and unexpired leases that were subject to potential assumption and assignment to successful bidders at an auction of the Debtor's assets.  The Debtor filed the Cure Notice on October 3, 2017 [Docket No. 245] and listed its contracts and leases as well as the amount needed to bring the

contracts and leases current.  Objections to the amounts listed were to be filed on or before November 2, 2017.

11. An Amended Cure Notice was filed on October 27, 2017 [Docket No. 301] and objections to amounts listed were to be filed by November 10, 2017.

12. Aramark's contracts with the Debtor were listed in the Amended Cure Notice with a Proposed Cure Amount of $327,629.05.  Aramark filed an objection to the Proposed Cure Amount and alleged that the proper amount was $469,050.76 [Docket No. 399].

13. On November 30, 2017, the Court entered an Order (the "Sale Order") approving the sale of substantially all of the Debtor's assets to the University of North Carolina Health System ("UNCHS")[Docket No. 445].  The sale to UNCHS was finalized on January 1, 2018 (the "Sale Date"), and thus from and after the Sale Date, UNCHS was legally responsible for all operating costs except as specifically agreed with the Debtor.

14. On February 23, 2018, the Court entered an Order that fixed a bar date for filing of certain Administrative Expense Claims (as defined in the Debtor's Motion seeking the bar date), approved the use of an Administrative Expense Proof of Claim Form, and approved notice thereof.  The bar date for Administrative Expense Claims was March 19, 2018 at 4:00 p.m.

15. On April 16, 2018, the Debtor filed a Third Notice of Executory Contracts and Unexpired Leases Assumed and Assigned or Rejected (the "Third Notice").  The Third Notice stated that a Management Services Agreement with Aramark was rejected, and Aramark was required to file a claim for rejection damages no later than May 16, 2018.

16. The Court entered an order on August 7, 2018 overruling the objection filed by Aramark to the cure amount, as the cure amount was moot in light of rejection of the Management Services Agreement [Docket 930].

    C.    **The Aramark Claim**

17. Aramark filed an Administrative Expense Proof of Claim Form on March 15, 2018 (the "Aramark Claim") in the total amount of $378,543.51. The Aramark Claim indicated that its claim was based on a Management Agreement entered on November 6, 2013 under which Aramark provided the Debtor with clinical technology management services.

18. Even though the Debtor had not made a final decision whether to assume or reject the Management Agreement, Aramark included its pre-petition balance due of $326,387.05 in its claim in the event it was entitled to administrative treatment.[2]

19. Aramark claimed that it was due $5,321.66 for services after the Petition Date but before the sale to UNCHS on January 1, 2018.

20. Aramark claimed that it was due $36,356.43 for amounts due after the sale to UNCHS and before April 16, 2018 when the Third Notice was filed indicating that the Management Agreement would be rejected by the Debtor.

21. The total of the three components of the Aramark Claim actually total $368,065.14 rather than the total of $378,543.51 as asserted in the Aramark Claim.

**RELIEF REQUESTED**

22. By this Objection, the Trustee respectfully requests entry of an order (i) disallowing the Aramark pre-petition balance as an administrative claim, (ii) disallowing the $36,356.43 billed by Aramark during the period covered by the OTA, and (iii) allowing the $5,321.66 amount claimed due by Aramark. The $5,321.66 sum will be the only amount allowed as an administrative claim.

---

[2] Aramark filed a general unsecured claim on November 19, 2017 (Claim No. 174) in the amount of $326,387.05.

23. The Trustee reserves all rights regarding objection to the general unsecured claim asserted by Aramark and will withhold payment of the $5,321.66 to Aramark pending further examination of exposure of Aramark to preference liability.

## BASIS FOR RELIEF

24. The Debtor rejected the Management Agreement as provided in the Third Notice. Therefore, all amounts owed by the Debtor to Aramark prior to the Petition Date are general unsecured claims. See section 365(g)(1).

25. As required by the OTA, counsel for UNCHS has reported that UNCHS made payment of $36,356.43 to Aramark for amounts due Aramark after the sale to UNCHS.

26. The Debtor's records reflect that it owes Aramark $5,321.66 for post-petition services/goods provided to the Debtor.

WHEREFORE, the Trustee respectfully requests that this Court enter an order: 1) disallowing Claim 252 as an administrative claim except to the amount of $5,321.66 which shall be paid as an administrative claim following resolution of any amounts owed by Aramark; 2) disallowing any amounts owed to Aramark after January 1, 2018, and granting such other and further relief as is just and proper.

This 11th day of February, 2019.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Terri L. Gardner
Terri L. Gardner
N.C. State Bar No. 9809
4140 Parklake Avenue
GlenLake One, Suite 200
Raleigh, North Carolina 27612
Telephone: (919) 329-3882
Facsimile: (919) 329-3799
Email: terri.gardner@nelsonmullins.com

*Counsel for the Liquidating Trustee*